**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POURIA TABARAKIFARD,<br><br>Petitioner,<br><br>v.<br><br>RICARDO VELASQUEZ, et al.,<br><br>Respondents. | Civil Action No. 25-18087 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner's Pouria Tabarakifard's ("Petitioner") Motion to Seal the Petition for Writ of Habeas Corpus ("Petition") and all accompanying exhibits. (ECF No. 2). The Court has reviewed the Motion, the exhibits thereto, and the relevant authorities. For the reasons set forth below, the Motion is granted.

Petitioner seeks leave to file the Petition and exhibits under seal because they contain highly sensitive and confidential information, including the factual basis for Petitioner's asylum claim, personal identifying information, medical and employment history, family details, and internal United States Citizenship and Immigration Services and Executive Office for Immigration Review communications. (ECF No. 2 at 2.) Disclosure of these materials could expose Petitioner and his family to serious harm or retaliation abroad. (*Id.*) Redaction alone would be insufficient to protect these interests because the sensitive information is pervasive throughout the filings and integral to the narrative of the Petition. (*Id.*) Federal Rule of Civil Procedure 5.2 authorizes courts to permit unredacted filings under seal to protect privacy, safety, or other confidential information. (*Id.* at 3.) Local Civil Rule 5.3(c) similarly allows sealing when there is a showing that disclosure

would result in clearly defined and serious injury. (*Id.*) Statutory and regulatory provisions, including 8 U.S.C. § 1367 and 8 C.F.R. §§ 208.6, 1208.6, and 236.3, further mandate confidentiality for asylum-related information and require protective measures for former unaccompanied minors. (*Id.* at 3—7.)

The Court has reviewed Petitioner's Motion to Seal (ECF No. 2) and finds that the Petition and its exhibits (ECF No. 1) contain asylum-related information, personal identifiers, and other sensitive details subject to mandatory confidentiality protections under 8 U.S.C. § 1367 and 8 C.F.R. §§ 208.6 and 1208.6. Disclosure of this material could place Petitioner and his family at serious risk and would contravene these federal confidentiality provisions. Consistent with Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3(c), the Court finds that sealing is necessary and narrowly tailored. Redaction is not feasible because the sensitive information is widespread throughout the filings.

The Third Circuit's public-access decisions recognize that the presumption of access yields where countervailing interests are grounded in statute or where disclosure would cause a clearly defined and serious injury. *See In re Cendant Corp.*, 260 F.3d 662 (3d Cir. 2019). That standard is satisfied here.

Accordingly, the Court concludes that Petitioner has satisfied the requirements of Federal Rule of Civil Procedure 5.2, Local Civil Rule 5.3(c), and controlling Third Circuit precedent.

**IT IS THEREFORE** on this 10th day of December, 2025,

**ORDERED** that Petitioner's Motion to Seal (ECF No. 2) is **GRANTED**; and it is further

**ORDERED** that the documents filed in the Petition and all accompanying exhibits (ECF No. 1) shall be **SEALED**; and it is further

**ORDERED** that the Clerk of Court is directed to maintain the sealed materials in accordance with this Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

                                                Hon. Karen M. Williams,
United States District Judge